# SUPREME COURT.

## HUBERT HOUBIE agt. HENRY VOLKENING *et al.*

*Tender by a debtor to his creditor must be made if the creditor is within the state.*

A debtor is bound to seek his creditor in order to make a tender, if he be within the state.

In England the debtor is not bound to follow his creditor beyond the four seas to make a tender.

The plaintiff's mortgagee having removed from the state and gone to reside in Europe, after the making and delivery of the bond and mortgage, and not having left any person within this state to receive the interest and installments as they became due, the defendant was relieved from the obligation to make a tender.

*New York, Special Term, April,* 1875.

*Hugh Duffy,* for plaintiff.

*Van Schaick, Gillender & Thompson,* for defendant.

VAN BRUNT, J.— In the case of *Smith* agt. *Smith* (25 *Wend.*, 405) the rule seems to be laid down that the debtor is bound to seek his creditor in order to make a tender, if he be within the state. If a contract is made in this state, between residents in this state, the presumption is that it is to be performed within this state; and it would be a great hardship to compel the debtor to travel all the world over to make his tender. The rule has long been established in England that the debtor was not bound to follow his creditor beyond the four seas to make a tender, and the same rule has been adopted in our state. The plaintiff having removed

Houbie agt. Volkening.

from the state and gone to reside in Europe, after the making and delivery of the bond and mortgage, and not having left any person within this state to receive the interest and installments as they became due, the defendant was relieved from the obligation to make a tender. The first information he had that the plaintiff had authorized any person in this state to act for him was by the service of the papers in this action, whereupon he made a tender of both principal due, and interest, to the attorney, which was refused. This tender was a good tender, and the lien of the mortgage became to that extent discharged (*Kortwright* agt. *Cady*, 21 *N. Y.*, 343). But the defendant having failed to bring the money into court with his answer, the complaint cannot be dismissed, and the plaintiff is entitled to a money judgment for amount due, and interest, but without costs.